Dolan *v.* Buzzell.

## THOMAS DOLAN *versus* JOHN BUZZELL.

In an action of trespass, the question of damages is for the jury to determine.

A mere *intent* to sell property in violation of law, which may be lawfully used, does not, at common law, subject the property to forfeiture, nor deprive the owner of his proper remedy against persons illegally interfering with it.

By statute of 1851, c. 211, § 16, the maintenance of an action for the recovery or possession of intoxicating or spirituous liquors is forbidden only when they are so held as to be liable to seizure or forfeiture, or are intended for sale in violation of law. Whether so held is for the jury to determine upon the evidence.

The provision of the statute of 1851, c. 211, § 16, so far as it applied to actions for the recovery of liquors, or the value of liquors, not liable to seizure or forfeiture, or not intended for sale in violation of law, was unconstitutional.

THIS was an action of TRESPASS for taking liquors, the property of the plaintiff. Plea, the general issue, with brief statement of justification as an officer, and taking under warrant.

The Court ruled, that the evidence under the plea of justification was insufficient, but instructed the jury, that if they were satisfied the property was in plaintiff, and that defendant took the same without legal authority, the question of damages was for them to determine from the evidence; and if the jury believed that the liquors were intended for sale in violation of law, the plaintiff could not maintain his action.

The verdict was for defendant.

To these rulings and instructions the plaintiff excepted.

*A. Waterhouse*, for plaintiff.

*John E. Godfrey*, for defendant.

MAY, J.—The instructions in this case contain three legal propositions. The first, relating to the evidence under the plea of justification, was wholly in favor of the plaintiff; the second regarded the rule of damages and was strictly correct; and the third, and last proposition, was, that "if the jury believed," (by which we understand a conviction forced upon them by the evidence,) "that the liquors were intended for sale in violation of law, the plaintiff could not maintain his action."

At common law, a mere intent to sell property, in violation of law, which may be used for lawful purposes, does not subject it to forfeiture, and will not deprive the owner of his proper remedy against persons illegally interfering with it; but by the statute of 1851, c. 211, § 16, it is expressly provided, that "no action of any kind shall be maintained in any court in this State, either in whole or in part, for intoxicating or spirituous liquors sold in any other State or country whatever, nor shall any action of any kind be had or maintained in any court in this State for the recovery or possession of intoxicating or spirituous liquors, or the value thereof." This statute was in force at the time of the acts of trespass complained of, as well as at the time of the trial, but has since been repealed. It has, however, been so restricted by construction in this Court, that its general language is limited so as to forbid only the maintenance of any action for the recovery or possession of such liquors, when so held as to be liable to seizure, or forfeiture, or intended for sale in violation of the provisions of that Act. *Preston & al.* v. *Drew,* 33 Maine, 558.

It is not now contended that such a limitation might not properly be introduced by judicial construction, or that said Act, so far as it applies to this suit, was unconstitutional. The exceptions, therefore, are overruled and judgment is to be rendered on the verdict, there being no motion to set it aside as against the evidence.     *Judgment on the verdict.*

HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.